NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC., | No.   16-55711 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00859-DMG-JC |
| v. | |
| DAVIES LEMMIS RAPHAELY LAW CORPORATION; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and COLLINS,[**] Chief
District Judge.

Liberty Insurance Underwriters ("Liberty") sought a declaratory judgment in

a federal district court in the Central District of California to limit its exposure

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Raner C. Collins, Chief United States District Judge
for the District of Arizona, sitting by designation.

while defending seven state court lawsuits brought against its insureds, Davies Lemmis Raphaely Law Corporation, et al. ("DLR"), who were the defendants in those lawsuits. The district court gave relief to Liberty. DLR appeals the district court's grant of summary judgment in Liberty's favor, which ended Liberty's defense of the underlying lawsuits.

We consider whether the district court erred by denying DLR's motion to stay Liberty's declaratory judgment action pending disposition of the underlying lawsuits. We also consider whether the district court erred in granting summary judgment for Liberty on the ground that DLR's alleged conduct in the underlying actions arose from the same or related wrongful conduct subjecting DLR to a single claim policy limit. We have jurisdiction to consider this appeal under 28 U.S.C. § 1291, and we affirm.

DLR argues that the district court erred by denying its motion to stay Liberty's declaratory judgment action because the district court should have abstained from considering this state law issue. Reviewing the district court's decision for abuse of discretion, however, we conclude that the district court did not abuse its discretion here. *See United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 838 (9th Cir. 2002). The district court did not needlessly resolve state law issues, its decision did not encourage forum shopping, and the adjudication did not result in duplicative litigation. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220,

1225 (9th Cir. 1998). Further, there is no overlap between Liberty's claim for relief and the underlying state court actions. *Id.* ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)). The district court did not abuse its discretion when it denied DLR's motion to stay.

DLR also argues that the district court erred by concluding that the insurance policy's single claim limit of liability applied to the seven underlying lawsuits. The policy states, in relevant part, "[c]laims, alleging, based upon, arising out of or attributable to the same or related wrongful acts shall be treated as a single claim." The seven underlying actions for which Liberty provided DLR a defense all alleged that DLR had conflicts of interests by representing both the buyers and promoters of real estate investments and that DLR drafted offering documents that included a material misrepresentation regarding the inclusion of commissions in the asking price. These allegations are sufficient to meet the policy's definition of "related wrongful acts." *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 873 (1993) ("[T]he term 'related' as it is commonly understood and used encompasses both logical and causal connections."). While the underlying actions are not causally related, they are logically related to each other by the "common purpose or plan"—a scheme to incentivize investments by

3

signifying that sellers would pay commissions, while hiding the fact that the price of the investment included the commissions. *See Safeco Ins. Co. of Am. v. Fireman's Fund Ins. Co.*, 148 Cal. App. 4th 620, 633 (2007) (looking to the cause of the injury "rather than the number of injurious effects"). The district court did not err in concluding that this common plan satisfied the related conduct language in the policy. Liberty was entitled to declaratory judgment.

We further deny DLR's request that we certify these questions to the California Supreme Court.

**AFFIRMED.**